UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTES

| | |
|---|---|
| **Garrett Traylor**, <br><br> Plaintiff, <br><br> v. <br><br> **CarGuard Administration, Inc. and National Auto Coverage, Inc. d/b/a AutoGuard Pro,** <br><br> Defendant. | Case No. 1:21-cv-10150 <br><br><br> Complaint and Demand for Jury Trial |

## **COMPLAINT**

**Garrett Traylor** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **CarGuard Administration, Inc. and National Auto Coverage, Inc. d/b/a AutoGuard Pro** (Defendants):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### **JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants conduct business in the Commonwealth of Massachusetts.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Westwood, Massachusetts.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant CarGuard Administration, Inc. ("CarGuard") is a business entity with principal place of business and mailing address at 4742 N. 24th Street, Suite 300, Phoenix, Arizona 85016.

8. Defendant National Auto Coverage, Inc. d/b/a AutoGuard Pro ("AutoGuard") is a business entity with principal place of business and mailing address at 3638 W. 1st Street, Suite B, Santa Ana, California 92703.

9. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

10. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. CarGuard provides extended warranty services to consumers.

12. To generate business through sales, CarGuard relies on telemarketing services conducted by third parties.

13. One of CarGuard's strategies for telemarking involves the use of an automatic telephone dialing system ("ATDS") to solicit business by third parties.

14. CarGuard also utilizes pre-recorded messages in its telemarketing to solicit business.

15. Beginning on or about July 15, 2020, AutoGuard began placing automated calls to Plaintiff on his cellular phone ending in 0277, attempting to sell him an automobile warranty.

16. Plaintiff never sought information about a motor vehicle warranty and did not consent to the calls from AutoGuard or CarGuard.

17. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

18. Plaintiff's cellular telephone number ending in 0277 has been on the Do Not Call Registry since October 11, 2018.

19. On or about July 22, 2020, in order to ascertain who was responsible for the calls, Plaintiff requested a quote from Defendant AutoGuard using the alias Fred W. Garvin to protect his personal identity.

20. The quote was emailed to Plaintiff from info@autoguardpro.com and included Defendant AutoGuard's name in the body of the communication. See Exhibit "A."

21. The quote included a copy of a sample CarGuard Platinum Service Contract. See Exhibit "B."

22. Upon information and belief, Defendant CarGuard authorized Defendant AutoGuard to solicit and generate prospective customers, and enter into contracts on their behalf with those prospective customers.

23. The actions described herein were in violation of the TCPA.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has

the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since October 11, 2018.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National

Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since October 11, 2018.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Garrett Traylor,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B) ;

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    g.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Garrett Traylor,** demands a jury trial in this case.

Respectfully submitted,

Dated: 01/28/2021

By: *s/ Craig Thor Kimmel*
Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com