UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARRETT TRAYLOR,<br><br>    Plaintiff,<br>v.<br><br>CARGUARD ADMINISTRATION, INC. and NATIONAL AUTO COVERAGE, INC. d/b/a AUTOGUARD PRO,<br><br>    Defendants. | Civil Action No. 1:21cv-10150-NMG |

**CARGUARD ADMINISTRATION, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant CarGuard Administration, Inc. ("CarGuard") hereby responds to the January 28, 2021 Complaint filed by Plaintiff Garrett Traylor ("Plaintiff") as follows:

### Introduction

1. Paragraph 1 states a conclusion of law to which no response is required. To the extend that a response is deemed required, CarGuard denies the allegations contained in Paragraph 1.

### Jurisdiction and Venue

2. Paragraph 2 states a conclusion of law to which no response is required. To the extend that a response is deemed required, CarGuard denies the allegations contained in Paragraph 2.

3. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

## Parties

5. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 states a conclusion of law to which no response is requied.  To the extend that a response is deemed required, CarGuard denies the allegations contained in Paragraph 6.

7. In response to the allegations contained in paragraph 7 of the Complaint, CarGuard admits only that it is a business entity.  CarGuard denies the remaining allegations contained in paragraph 7 as stated.

8. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 states a conclusion of law to which no response is required.  To the extend that a response is deemed required, CarGuard denies the allegations contained in Paragraph 9.

10. Denied.

## Factual Allegations

11. Denied.

12. Denied

13. Denied.

14. Denied.

15. Denied.

16. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Paragraph 15 states a conclusion of law to which no response is required and is otherwise denied.

18. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denied.

23. Paragraph 23 states a conclusion of law to which no response is required. To the extend that a response is deemed required, CarGuard denies the allegations contained in Paragraph 23.

## Count I

24. CarGuard repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Paragraph 25 states a conclusion of law to which no response is required. To the extend that a response is deemed required, CarGuard denies the allegations contained in Paragraph 25.

23. Denied.[1]

---

[1] Plaintiff's Complaint contains three paragraphs numbered 23 and two paragraphs numbered 24 and 25. This answer responds to each in the order alleged.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## Count II

29. CarGuard repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Paragraph 30 states a conclusion of law to which no response is required. To the extend that a response is deemed required, CarGuard denies the allegations contained in Paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## AFFIRMATIVE DEFENSES

CarGuard alleges the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks Article III standing with regard to his claims because he cannot demonstrate that he suffered a legally cognizable injury-in-fact.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff consented to the calls at issue.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that any violation of the TCPA occurred, which CarGuard denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of CarGuard.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages and his claims herein should be barred or any recovery reduced in proportion to Plaintiff's said failure to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, laches, ratification, unclean hands and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent any calls placed to Plaintiff were made by other entities, individuals, and/or independent contractors, those calls were made without the use of an Automated Telephone Dialing System ("ATDS") as that term is defined by the TCPA.

### NINTH AFFIRMATIVE DEFENSE

Although CarGuard specifically denies that it has any liability with respect to Plaintiff's claims and allegations, CarGuard asserts that it has established and implemented, with due care, reasonable practices to discourage violations of the Telephone Consumer Protection Act.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they were not charged for the call(s) at issue pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

### TENTH AFFIRMATIVE DEFENSE

CarGuard is not liable for the actions or omissions of co-defendant National Auto Coverage, Inc.

### ELEVENTH AFFIRMATIVE DEFENSE

CarGuard placed no telephone calls whatsoever to the Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

CarGuard reserves the right to amend and supplement the foregoing affirmative defenses should investigation and discovery reveal additional defenses.

### **DEMAND FOR A JURY TRIAL**

CarGuard demands a jury trial.

        Respectfully submitted,

        **CARGUARD ADMINISTRATION, INC.,**

        by its counsel,

        */s/ Robert M. Shaw*
        Robert M. Shaw, BBO No. 669664
        HOLLAND & KNIGHT LLP
        10 St. James Ave.
        Boston, MA 02116
        617-305-2018
        *robert.shaw@hklaw.com*

Dated: March 15, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that today, March 15, 2021, I caused the foregoing to be filed through the Court's ECF system, which will serve all counsel of record.  I will cause a paper copy to be to sent, via first-class mail, to any unregistered participants listed on the Court's Notice of Electronic Filing.

        */s/ Robert M. Shaw*
        Robert M. Shaw